# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES MOORE,**

    **Petitioner,**

**v.**                                                          **Civil Action No. 2:11cv41**
                                                                                **(Judge Bailey)**

**U.S.A.,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

On May 9, 2011, Harry C. Batchelder, Jr., Esq., sent a letter to the chambers of the Honorable Edward R. Korman, Senior Judge for the United States District Court for the Eastern District of New York. In the letter, Mr. Batchelder expresses concern regarding medical care, or lack thereof, for his client, Charles Moore. Judge Korman construed the letter as a petition for writ of habeas corpus and transferred it to this Court apparently under the mistaken opinion that Mr. Moore was confined in F.C.I. Gilmer, which is located in Glenville, West Virginia. However, a search of the Bureau of Prisons website establishes that Mr. Moore is currently confined in the Metropolitan Detention Center (MDC) Brooklyn, New York, which is within the jurisdiction of the Eastern District of New York.

A writ of habeas corpus is directed to the person having custody of the person detained. See 28 U.S.C. §2243. Therefore, a "writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody." ***Braden v. 30th Judicial Cir. Ct. of Ky.***, 410 U.S. 484, 494 (1973). Thus, the proper respondent in a habeas action is the custodian of the prisoner. ***Rumsfeld v. Padilla***, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper

respondent is the petitioner's custodian). Consequently, a court cannot entertain a habeas corpus petition unless it has jurisdiction over the petitioner's custodian. ***Billiteri v. United States Bd. of Parole***, 541 F.2d 938, 948 (1976).

In this case, although the petitioner may have been designated to FCI Gilmer, he has not yet been transferred to that facility and remains incarcerated at MDC Brooklyn. Because that facility is within the jurisdiction of the United States District Court for the Eastern District of New York, jurisdiction lies with that court.

Accordingly, it is **ORDERED** that this matter be **TRANSFERRED** back to the United States District Court for the Eastern District of New York for all further proceedings. In transferring this case, the undersigned makes no determination regarding the merits of the petition.[1] The Clerk is directed to terminate the instant case from the Court's active docket and mail a copy of this Order to Harry C. Batchelder, Jr., Twenty-Eighth Floor, 40 Wall Street, New York, NY 10005-1313.

**DATED**: May 25, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[1] Upon review of the letter, it appears to this Court that it raises a *Bivens* claim if, in fact, it was intended to initiate a civil action at all. However, if it is a *Bivens* action, jurisdiction would still not be proper in this Court because the petitioner has yet to be incarcerated in this State, and any claims he may have regarding deliberate indifference to his medical condition would lie elsewhere.